**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| QUIRKY IP LICENSING, LLC<br><br>        Plaintiff,<br><br>v.<br><br>KIKKERLAND DESIGN, INC.<br><br>        Defendant. | Civil Action No. _____<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Quirky IP Licensing, LLC ("Quirky") by and through its attorneys, Pierce Bainbridge Beck Price & Hecht LLP, hereby demands and complains of Defendant Kikkerland Design, Inc.("Kikkerland") as follows:

**NATURE OF THE ACTION**

1. This is an action under the patent laws of the United States, 35 U.S.C. §§ 1, et. Seq., for infringement by Kikkerland of Quirky's claims on United States Patent Nos. 8,262,399; 8,529,289; 9,755,388; D667,795; D677,630; and D746,234 (collectively referred to as the "Patents-in-Suit").

**THE PARTIES**

2. Quirky is a Delaware corporation with its principal place of business of business at 601 West 28th Street, Suite 1762, New York, New York 10001.

3. On information and belief, Kikkerland Design Inc is a New York corporation registered with the New York Department of State (DOS ID#1603009) with a regular and established place of business at 666 Broadway 4th Floor, New York, New

York 10010.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Kikkerland Design Inc. because it is registered with the New York Department of State (DOS ID# 1603009) and has a regular and established place of business at 666 Broadway 4th Floor, New York, New York 10010.

7. Venue is proper for Kikkerland Design Inc. under 28 U.S.C. § 1400(b) because it has a regular and established place of business at 666 Broadway 4th Floor, New York, New York 10010.

## FACTUAL ALLEGATIONS

### Quirky's Products and the Patents-in-Suit

8. Quirky is an invention development company headquartered in New York City. Quirky brings products to the marketplace through interaction between an online global community and Quirky's product designs and engineering staff. Quirky's slogan is "We Make Invention Accessible."

9. Quirky has developed over 400 products since launching in June 2009. Quirky was recognized as one of Fast Company's "Most Innovative Companies of 2014" and in 2013, Inc. Magazine called Quirky "the world's most creative manufacturer". Quirky has grown to over 1.3 million community members.

10. On September 11, 2012, U.S. Patent No. 8,262,399 (the '399 Patent) entitled "Reconfigurable Plug Strip" was duly and legally issued by the U.S. Patent Office. All rights, title and interest in the patent was assigned by the inventors to Quirky Incorporated, and which was subsequently assigned to Plaintiff, Quirky IP Licensing LLC. A true and correct copy of the '399 Patent is attached hereto as Exhibit A.

11. On September 10, 2013, U.S. Patent No. 8,529,289 (the '289 Patent) entitled "Reconfigurable Plug Strip" was duly and legally issued by the U.S. Patent Office. All rights, title and interest in the patent was assigned by the inventors to Quirky Incorporated, and which was subsequently assigned to Plaintiff, Quirky IP Licensing LLC. A true and correct copy of the '289 Patent is attached hereto as Exhibit B.

12. On September 5, 2017, U.S. Patent No. 9,755,388 (the '388 Patent) entitled "Reconfigurable Plug Strip" was duly and legally issued by the U.S. Patent Office. All rights, title and interest in the patent was assigned by the inventors to Quirky Incorporated, and which was subsequently assigned to Plaintiff, Quirky IP Licensing LLC. A true and correct copy of the '388 Patent is attached hereto as Exhibit C.

13. On September 25, 2012, U.S. Patent No. D667,795 (the '795 Patent) entitled "Reconfigurable Plug Strip" was duly and legally issued by the U.S. Patent Office. All rights, title and interest in the patent was assigned by the inventors to Quirky Incorporated, and which was subsequently assigned to Plaintiff, Quirky IP Licensing LLC. A true and correct copy of the '795 Patent is attached hereto as Exhibit D.

14. On March 12, 2013, U.S. Patent No. D677,630 (the '630 Patent) entitled "Reconfigurable Plug Strip" was duly and legally issued by the U.S. Patent Office. All rights, title and interest in the patent was assigned by the inventors to Quirky Incorporated, and which was subsequently assigned to Plaintiff, Quirky IP Licensing LLC. A true and correct copy of the

'630 Patent is attached hereto as Exhibit E.

15. On December 29, 2015, U.S. Patent No. D746,234 (the '234 Patent) entitled "Reconfigurable Plug Strip" was duly and legally issued by the U.S. Patent Office. All rights, title and interest in the patent was assigned by the inventors to Quirky Incorporated, and which was subsequently assigned to Plaintiff, Quirky IP Licensing LLC. A true and correct copy of the '234 Patent is attached hereto as Exhibit F.

16. The Patents-in-Suit cover an invention for an improved reconfigurable power strip that can bend into circular, semi-circular, and zigzag shapes, allowing it to bend around furniture and tight spaces, and allowing all six outlets to be adjusted and utilized simultaneously.

17. Quirky is the owner of all right, title, and interest in and to the Patents-in-Suit and possesses all rights of recovery, including the right to recover for past damages. The initial design for this invention was presented to Quirky by Mr. Jacob Zien, who conceived of it while he was a student at the Rhode Island School of Design. Mr. Zien subsequently became a Quirky community member and submitted his invention to Quirky.

18. Mr. Zien's initial idea was selected by Quirky, and was refined based on input from Quirky's own designers and engineers. The result is an improved reconfigurable power strip that can bend into circular, semi-circular, and zigzag shapes, allowing it to bend around furniture and tight spaces, and allowing all six outlets to be adjusted and utilized simultaneously.

19. A non-provisional patent application disclosing this improved power strip was filed on April 27, 2011 and assigned to Serial No. 13/095,167 (the "Parent Application"). The Parent Application issued as the '399 Patent. The remaining Patents-in-Suit claim priority to the Parent Application.

20. Quirky began offering for sale its reconfigurable power strip which is marketed and sold under the Pivot Power® brand in May 2011. A picture of the Pivot Power product is below:



**Kikkerland and the Accused Product**

21. Upon information and belief, Kikkerland manufactures and sells, or causes to be manufactured and sold, products throughout the world, including within the United States, made in accordance with the Patents-in-Suit. The product is the Kikkerland Flexible Power Strip. A picture of the Kikkerland Flexible Power Strip is below:



22. Upon information and belief, including based on evaluation of Kikkerland's product, Kikkerland makes, uses, offers to sell, and/or sells in the United States, and/or imports into the United States products made in accordance with the Patents-in-Suit. As referred to in this Complaint, and consistent with 35 U.S.C. § 100(c), the "United States" means "the United States of America, its territories and possessions."

23. Upon information and belief, Kikkerland actively and knowingly directs, causes, induces, and encourages others, including, but not limited to, its designers, manufacturers, suppliers, distributors, resellers, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the

United States, products made in accordance with the Patents-in-Suit, by, among other things, providing instructions, manuals, and technical assistance relating to the manufacture, marketing, installation, set up, use, operation, and maintenance of, said products.

**Notice and Willfulness**

24. By letter dated March 15, 2017, Quirky notified Kikkerland of the existence of the Patents-in-Suit, and of infringement thereof by Kikkerland. Quirky's letter identified exemplary infringing Kikkerland products.

25. Accordingly, Kikkerland has received notice of the Patents-in-Suit and of infringement thereof by Kikkerland and Kikkerland's customers.

**COUNT I – Infringement of the '399 Patent**

26. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

27. Upon information and belief, Kikkerland has infringed, and continues to infringe, the '399 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States its "Flexible Power Strip" product. Upon information and belief, Quirky's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

28. For example, on information and belief, Kikkerland has infringed one or more claims of the '399 Patent. Kikkerland's Flexible Power Strip product, comprise a "power strip designed for the flexibility" as described in Exhibit G, the description of the product, available at Kikkerland's website (https://www.Kikkerlandstore.com/product.htm?Product=UL12-WH&Source=Search).

29. Upon information and belief, Kikkerland has induced infringement of one or more claims of the '399 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly

directing, causing, inducing, and encouraging others, including, but not limited to, its designers, manufacturers, suppliers, distributors, resellers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, the Flexible Power Strip product made in accordance with the '399 Patent, including, but not limited to the Flexible Power Strip described in Exhibit G, by, among other things, providing instructions, manuals, and technical assistance relating to the manufacture, marketing, installation, set up, use, operation, and maintenance of said products. Upon information and belief, Kikkerland's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

30. Upon information and belief, Kikkerland has committed the foregoing infringing activities without license from Quirky and with notice of the '399 Patent.

31. Kikkerland knew the '399 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the '399 Patent. Kikkerland's damages should be trebled pursuant to 35 U.S.C. § 284 because of Kikkerland's willful infringement of the '399 Patent.

32. The acts of infringement by Kikkerland have been with the knowledge of the '399 Patent and are willful, wanton and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling Quirky to its reasonable attorney's fees and litigation expenses.

33. The acts of infringement by Kikkerland will continue unless enjoined by this Court.

34. Quirky has been and will continue to be irreparably harmed and damaged by Kikkerland's acts of infringement of the '399 Patent and has no adequate remedy at law

### COUNT II – Infringement of the '289 Patent

35. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

36. Upon information and belief, Kikkerland has infringed one or more claims of the '289 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States its Flexible Power Strip product. Upon information and belief, Kikkerland's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

37. Upon information and belief, Kikkerland has induced infringement of one or more claims of the '289 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly directing, causing, inducing, and encouraging others, including, but not limited to, its designers, manufacturers, suppliers, distributors, resellers, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, Flexible Power Strip product made in accordance with the '289 Patent, including, but not limited to, the Flexible Power Strip described in Exhibit G, by, among other things, providing instructions, manuals, and technical assistance relating to the manufacture, marketing, installation, set up, use, operation, and maintenance of said products. Upon information and belief, Kikkerland's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

38. Upon information and belief, Kikkerland has committed the foregoing infringing activities without license from Quirky and with notice of the '289 Patent.

39. Kikkerland knew the '289 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the '289 Patent. Quirky's damages should be trebled pursuant to 35 U.S.C. § 284 because of Kikkerland's willful infringement of the '289 Patent.

40. The acts of infringement by Kikkerland have been with the knowledge of the

'289 Patent and are willful, wanton and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling Quirky to its reasonable attorney's fees and litigation expenses.

41. The acts of infringement by Kikkerland will continue unless enjoined by this Court.

42. Quirky has been and will continue to be irreparably harmed and damaged by Kikkerland 's acts of infringement of the '289 Patent and has no adequate remedy at law.

**COUNT III – Infringement of the '388 Patent**

43. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

44. Upon information and belief, Kikkerland has infringed one or more claims of the '388 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States its Flexible Power Strip product. Upon information and belief, Kikkerland's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

45. Upon information and belief, Kikkerland has induced infringement of one or more claims of the 388 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly directing, causing, inducing, and encouraging others, including, but not limited to, its designers, manufacturers, suppliers, distributors, resellers, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, Flexible Power Strip product made in accordance with the 388 Patent, including, but not limited to, the Flexible Power Strip described in Exhibit G, by, among other things, providing instructions, manuals, and technical assistance relating to the manufacture, marketing, installation, set up, use, operation, and maintenance of said products. Upon information and belief, Kikkerland's inducement of infringement pursuant to 35 U.S.C. § 271(b)

is ongoing.

46. Upon information and belief, Kikkerland has committed the foregoing infringing activities without license from Quirky and with notice of the '388 Patent.

47. Kikkerland knew the '388 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the '388 Patent. Quirky's damages should be trebled pursuant to 35 U.S.C. § 284 because of Kikkerland's willful infringement of the '388 Patent.

48. The acts of infringement by Kikkerland have been with the knowledge of the 388 Patent and are willful, wanton and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling Quirky to its reasonable attorney's fees and litigation expenses.

49. The acts of infringement by Kikkerland will continue unless enjoined by this Court.

50. Quirky has been and will continue to be irreparably harmed and damaged by Kikkerland's acts of infringement of the '388 Patent and has no adequate remedy at law.

### COUNT IV – Infringement of the '795 Patent

51. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

52. Upon information and belief, Kikkerland has infringed one or more claims of the '795 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States its Flexible Power Strip product. Upon information and belief, Kikkerland's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

53. Upon information and belief, Kikkerland has induced infringement of one or

more claims of the '795 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly directing, causing, inducing, and encouraging others, including, but not limited to, its designers, manufacturers, suppliers, distributors, resellers, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, Flexible Power Strip product made in accordance with the '795 Patent, including, but not limited to, the Flexible Power Strip described in Exhibit G, by, among other things, providing instructions, manuals, and technical assistance relating to the manufacture, marketing, installation, set up, use, operation, and maintenance of said products. Upon information and belief, Kikkerland's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

54. Upon information and belief, Kikkerland has committed the foregoing infringing activities without license from Quirky and with notice of the '795 Patent.

55. Kikkerland knew the '795 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the '795 Patent. Quirky's damages should be trebled pursuant to 35 U.S.C. § 284 because of Kikkerland's willful infringement of the '795 Patent.

56. The acts of infringement by Kikkerland have been with the knowledge of the 388 Patent and are willful, wanton and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling Quirky to its reasonable attorney's fees and litigation expenses.

57. The acts of infringement by Kikkerland will continue unless enjoined by this Court.

58. Quirky has been and will continue to be irreparably harmed and damaged by

Kikkerland's acts of infringement of the '795 Patent and has no adequate remedy at law.

## COUNT V – Infringement of the '630 Patent

59. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

60. Upon information and belief, Kikkerland has infringed one or more claims of the '630 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States its Flexible Power Strip product. Upon information and belief, Kikkerland's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

61. Upon information and belief, Kikkerland has induced infringement of one or more claims of the '630 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly directing, causing, inducing, and encouraging others, including, but not limited to, its designers, manufacturers, suppliers, distributors, resellers, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, Flexible Power Strip product made in accordance with the '630 Patent, including, but not limited to, the Flexible Power Strip described in Exhibit G, by, among other things, providing instructions, manuals, and technical assistance relating to the manufacture, marketing, installation, set up, use, operation, and maintenance of said products. Upon information and belief, Kikkerland's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

62. Upon information and belief, Kikkerland has committed the foregoing infringing activities without license from Quirky and with notice of the '630 Patent.

63. Kikkerland knew the '630 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the '630 Patent. Quirky's

damages should be trebled pursuant to 35 U.S.C. § 284 because of Kikkerland's willful infringement of the '388 Patent.

64. The acts of infringement by Kikkerland have been with the knowledge of the 388 Patent and are willful, wanton and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling Quirky to its reasonable attorney's fees and litigation expenses.

65. The acts of infringement by Kikkerland will continue unless enjoined by this Court.

66. Quirky has been and will continue to be irreparably harmed and damaged by Kikkerland's acts of infringement of the '630 Patent and has no adequate remedy at law.

## COUNT VI – Infringement of the '234 Patent

67. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

68. Upon information and belief, Kikkerland has infringed one or more claims of the '234 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States its Flexible Power Strip product. Upon information and belief, Kikkerland's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

69. Upon information and belief, Kikkerland has induced infringement of one or more claims of the '234 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly directing, causing, inducing, and encouraging others, including, but not limited to, its designers, manufacturers, suppliers, distributors, resellers, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, Flexible Power Strip product made in accordance with the '234 Patent, including, but not limited to, the Flexible Power Strip described in Exhibit G, by, among other

things, providing instructions, manuals, and technical assistance relating to the manufacture, marketing, installation, set up, use, operation, and maintenance of said products. Upon information and belief, Kikkerland's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

70. Upon information and belief, Kikkerland has committed the foregoing infringing activities without license from Quirky and with notice of the '630 Patent.

71. Kikkerland knew the '234 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the '630 Patent. Quirky's damages should be trebled pursuant to 35 U.S.C. § 284 because of Kikkerland's willful infringement of the '388 Patent.

72. The acts of infringement by Kikkerland have been with the knowledge of the 388 Patent and are willful, wanton and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling Quirky to its reasonable attorney's fees and litigation expenses.

73. The acts of infringement by Kikkerland will continue unless enjoined by this Court.

74. Quirky has been and will continue to be irreparably harmed and damaged by Kikkerland 's acts of infringement of the '234 Patent and has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Quirky prays for judgment in favor against Kikkerland granting Quirky the following relief:

A. Entry of judgment in favor of Quirky and against Kikkerland on all counts;

B. Entry of judgment that Kikkerland has infringed the Patents-in-Suit;

C. Entry of judgment that Kikkerland's infringement of the Patents-in-Suit has been willful;

D. An order permanently enjoining Kikkerland together with its officers, directors, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them from infringing the Patents-in- Suit;

E. An award of compensatory damages adequate to compensate Quirky for Kikkerland's infringement of the Patents-in-Suit, in no event less than a reasonable royalty trebled as provided by 35 U.S.C. § 284;

F. Quirky's reasonable fees for expert witnesses and attorneys, as provided by 35 U.S.C. § 285;

G. Quirky's costs;

H. Pre-judgment and post-judgment interest on Quirky's award; and

I. All such other and further relief as the Court deems just or equitable.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Fed. R. Civ. P., Quirky hereby demands trial by jury in this action of all claims so triable.

Dated: February 12, 2019

Respectfully Submitted,

/s/ David L. Hecht
David L. Hecht
**Pierce Bainbridge Beck Price & Hecht LLP**
Attorneys for Plaintiff Quirky LLC
20 West 23rd St, Fifth Floor

New York, New York 10010
Email: dhecht@piercebainbridge.com